UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MAYA ZAPATA,

    Plaintiff,

vs.                        CASE NO.:

INTEGRITY BUSINESS
ENTERPRISES, LLC, d/b/a Lucky's
Rotten Apple, a Florida Limited Liability
Company, and ANTHONY THOMPSON,
Individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, MAYA ZAPATA, by and through the undersigned attorney, sues the Defendants, INTEGRITY BUSINESS ENTERPRISES, LLC, d/b/a Lucky's Rotten Apple, a Florida Limited Liability Company, and ANTHONY THOMPSON, Individually, and alleges:

    1.    Plaintiff, MAYA ZAPATA, was an employee of Defendants and brings this action for unpaid minimum wages, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

    2.    Plaintiff, MAYA ZAPATA was an employee who worked at Defendants' property within the last three years in Okaloosa County, Florida.

    3.    Plaintiff, MAYA ZAPATA, worked for Defendants as a bartender/VIP service/"shot girl".

    4.    At all times material to this cause of action, Plaintiff, MAYA ZAPATA, was a employee of Defendants and therefore entitled to be paid the full minimum wage for each hour

worked during her employment.

5. Defendant, INTEGRITY BUSINESS ENTERPRISES, LLC, is a Florida Limited Liability Corporation that operates and conducts business in Okaloosa County, Florida and is therefore, within the jurisdiction of this Court.

6. Defendant, INTEGRITY BUSINESS ENTERPRISES, LLC, operates as a bar serving alcoholic beverages and provides music via DJs.

7. At all times relevant to this action, ANTHONY THOMPSON was an individual resident of the State of Florida, who owned and operated INTEGRITY BUSINESS ENTERPRISES, LLC, and who regularly exercised the authority to: (a) hire and fire employees of INTEGRITY BUSINESS ENTERPRISES, LLC; (b) determine the work schedules for the employees of INTEGRITY BUSINESS ENTERPRISES, LLC, and (c) control the finances and operations of INTEGRITY BUSINESS ENTERPRISES, LLC. By virtue of having regularly exercised that authority on behalf of INTEGRITY BUSINESS ENTERPRISES, LLC, ANTHONY THOMPSON is/was an employer as defined by 29 U.S.C. § 201, et seq.

8. This action is brought under the FLSA to recover from Defendants full minimum wage, liquidated damages, and reasonable attorneys' fees and costs.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

10. During Plaintiff's employment with Defendants, Defendant, INTEGRITY BUSINESS ENTERPRISES, LLC, earned more than $500,000.00 per year in gross sales.

11. Defendant, INTEGRITY BUSINESS ENTERPRISES, LLC, employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

12. During Plaintiff's employment, Defendant, INTEGRITY BUSINESS ENTERPRISES, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as national brand liquors and beers, national brand sodas such as Coca-Cola products, plastic cups, glassware, straws, electronic point of sale systems, and other tools/materials used to run the business.

13. Therefore, at all material times relevant to this action, Defendant, INTEGRITY BUSINESS ENTERPRISES, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

14. Additionally, Plaintiff, MAYA ZAPATA, is individually covered under the FLSA.

### FLSA Violations

15. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff the minimum wage for all hours worked.

16. During her employment with Defendants, Plaintiff was not paid the minimum wage for all hours worked during one or more work weeks.

17. Specifically, Defendants failed to compensate Plaintiff with a direct wage at all.

18. The only income Plaintiff received during her employment with Defendants was in the form of tips.

19. Under the FLSA, employers may not claim a tip credit in excess of $3.02/hour.

20. By failing to compensate Plaintiff any direct wages, Defendants effectively claimed a tip credit for the entire minimum wage, $7.25/hour ($8.56/hour for Florida's minimum wage).

21. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete minimum wage.

22. As a result of Defendants compensation plan, Plaintiff is entitled to the full minimum wage for each hour worked during her employment with Defendants.

23. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and tips paid to Plaintiff are in the possession and custody of Defendants.

### COUNT I - RECOVERY OF MINIMUM WAGE

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above as though stated fully herein.

25. Plaintiff is/was entitled to be paid the full minimum wage for each hour worked during her employment with Defendants.

26. During her employment with Defendants, Defendant failed to compensate Plaintiff with any direct wages instead leaving Plaintiff to rely on tips from Defendants' patrons.

27. Plaintiff was not paid any wages from Defendants during her employment with Defendants.

28. Defendants have failed provide the minimum wage to Plaintiff for numerous pay periods.

29. Defendants did not have a good faith basis for their decision not to pay Plaintiff full minimum wages.

30. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full minimum wage for each hour worked in one or more work week, Plaintiff has suffered damages plus incurred reasonable attorneys' fees and costs.

31. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MAYA ZAPATA demands judgment against Defendants for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 8th day of March, 2021.

/s/ Matthew Gunter (Mar 8, 2021 10:43 EST)
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff

# Complaint

Final Audit Report                                                                 2021-03-08

| | |
|---|---|
| Created: | 2021-03-08 |
| By: | Christie Effron (ceffron78@gmail.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAwSonXtVyPSNENnpUfAAb0UyHvzmcT2cZ |

## "Complaint" History

📄 Document created by Christie Effron (ceffron78@gmail.com)
  2021-03-08 - 3:42:31 PM GMT- IP address: 104.129.206.176

📧 Document emailed to Matthew Gunter (mgunter@forthepeople.com) for signature
  2021-03-08 - 3:43:05 PM GMT

📄 Email viewed by Matthew Gunter (mgunter@forthepeople.com)
  2021-03-08 - 3:43:17 PM GMT- IP address: 104.129.206.179

✍ Document e-signed by Matthew Gunter (mgunter@forthepeople.com)
  Signature Date: 2021-03-08 - 3:43:32 PM GMT - Time Source: server- IP address: 104.129.206.179

✅ Agreement completed.
  2021-03-08 - 3:43:32 PM GMT

Adobe Sign